BARON B. BOURG, Judge Pro Tem.
This is an action brought by Mrs. Ruth Gauthier Budensky, a daughter of the decedent, to have the sum of Eleven Thousand Six Hundred Forty-Eight and 75/100 ($11,648.75) Dollars collated into the Succession of her mother, Laura Monroe Gauthier Livaudais. This sum was withdrawn from a Hibernia Homestead Association Savings Account on January 27, 1970, where it was deposited in the name of Laura Livaudais or Mrs. Yvonne Berges and the withdrawal was made by Mrs. Berges, who is a second daughter of the decedent, the decedent having died on February 5, 1970, a short time following the withdrawal of the funds from the account. The question therefore presented by the action for collation is: who was the owner of the $11,648.75 withdrawn by Mrs. Berges on January 27, 1970. If the money was in fact the property of the decedent Mrs. Livaudais, then collation must necessarily occur. If the money was the property of Mrs. Berges, then of course collation need not take place.
The Trial Judge found, at the conclusion of the trial, that the funds were the property of Mrs. Berges and that collation therefore need not take place, and Mrs. Budensky’s petition was dismissed at her cost.
The Trial Judge found that Mrs. Buden-sky had not proved by a preponderance of the evidence that the money in question belonged to the decedent. He also found affirmatively that the funds did in fact belong to Mrs. Berges. We affirm the judgment of the Trial Court.
There were several accounts opened, all of which were opened in the Hibernia Homestead Association, hereinafter re *549 ferred to simply as “Homestead”. The first account was opened November 15, 1960 with an initial deposit of $4,150.00, and was opened in the name of decedent, Mrs. Livaudais, and Mrs. Horeske, the decedent’s sister. This account was closed January 24, 1961 with a withdrawal of the total balance then in the account of $5,016.67. Thereafter, on March 7, 1961 another account was opened, also in the name of the decedent and Mrs. Horeske with an initial deposit of $5,516.67. Other deposits and interest brought the balance of that account to $6,033.25. This amount was withdrawn and the account was closed on July 9, 1962. Thereafter, on July 9, 1962, the decedent opened another account in the same Homestead in the name of the decedent and Mrs. Ida Baker, another sister of the decedent, with an initial deposit of $6,153.25. This account remained until May 7, 1969, with deposits of principal and crediting of interest having brought the account to a total balance of $10,118.75, which was withdrawn when the account was closed. The account was reopened with a deposit of $10,118.75 in the name of the decedent and Yvonne Berges, the defendant herein. Deposits to the account during the next forty-five days totalling $1,530.00 were made, certain interest was credited, and the balance was brought up to the sum of $11,928.71. On January 19, 1970 Mrs. Berges withdrew the sum of $279.96 from the account and on January 27, 1970 she closed out the account .by withdrawing therefrom the balance of $11,648.75.
There is therefore no question that Mrs. Berges received the total amount of funds deposited in the account at the time that it was closed, and the sole question for determination therefore is the ownership of these funds at the time the withdrawal was made.
Our reading of the record satisfies this Court as to two points. First, we are satisfied that in rendering the judgment that the funds in question belonged to Mrs. Berges, the Trial Judge in no way abused the much discretion vested in him in finding the facts which he found. Secondly our reading of the record also convinces us that there is more than sufficient evidence in the record to support the facts found by the Trial Judge.
It is apparent that Mrs. Livaudais, during the course of her life after the death of her husband and during the period which these various accounts were opened and closed, did not have sufficient income at any time to accumulate the quantum of money that was in this account at the time. Her sole income, from the testimony of even the plaintiff, was that of Social Security which she received and which did not aggregate $100.00 per month.
Mrs. Berges, the defendant, on the other hand, was constantly employed for many years as a waitress and during that period received sufficient income in wages and tips to have accumulated the quantum of money involved in these accounts. There is ample evidence in the record that Mrs. Berges did not trust banks and saved her money and gave it to her mother to keep for her because of her distrust of banks. It is also clear from the record that her mother, sometime around the end of 1960, shortly prior to the initial deposit in the Homestead, told her sister Mrs. Horeske, that she had money for Mrs. Berges which Mrs. Berges had given her to keep for her, that she was afraid to keep it in the house, and that she was going to deposit it in a bank without her daughter’s knowledge so that it would be safe. There is also ample evidence in the record to the effect that Mrs. Berges had no knowledge of the fact that these funds had been deposited in any bank until sometime in 1969, and that when she discovered this she herself made a deposit of $1,500.00 to the account which then existed in the name of her mother and herself.
There is in the record direct evidence from Mrs. Berges to the effect that the funds with which we are concerned was *550 her money, .and perhaps equally important, direct evidence from the plaintiffs own witness, Mrs. Horeske, who is her aunt and the sister of the decedent, to the effect that her sister, Mrs. Livaudais, had told her on many occasions that the money which she was depositing in the Homestead was money which belonged to Mrs. Berges. There is testimony from Mrs. Horeske to the effect that her sister had requested that if Mrs. Berges were to require some money and Mrs. Livaudais were unable to go down to get it for her from the Homestead, would Mrs. Horeske accomplish that withdrawal for Mrs. Berges. This was by reason of the fact that Mrs. Berges’ working hours were so that she went to work before the Homestead opened and got off work after the Homestead was closed. It is apparent that the reason for Mrs. Ho-reske being named on several of the accounts with which we are concerned was to provide a method of Mrs. Berges obtaining her money from the Homestead in the event of her mother’s inability to get the funds out of the Homestead for her. Mrs. Horeske, as we have observed previously, was called by the plaintiff Mrs. Budensky, and Mrs. Budensky is, under the law, bound by her testimony. There has been some suggestion in brief that Mrs. Horeske’s testimony was inconclusive, vague, and non-specific, but we do not find it to be so.
In essence, we find that the evidence clearly and heavily preponderates favor of the proposition that the funds with which we are here concerned are the property of Mrs. Berges, given to her mother by Mrs. Berges for safe keeping, and deposited by the decedent in the Homestead for a long period of time without the knowledge of her daughter. We also find that the accounts to which these funds were deposited by the decedent were always opened in the name of the decedent and one of her sisters, so as to provide access to the account for Mrs. Berges in the event of her mother’s disability. We also find that after Mrs. Berges discovered that her funds had been deposited in a Homestead for a considerable period of time, that the name of the account was thereafter changed by opening a new account so as to reflect Mrs. Berges as a co-depositor with her mother.
Having found that the Trial Court’s judgment is in all respects correct, that judgment is affirmed, with the plaintiff to pay all cost of this appeal.
Affirmed.